IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GABRIEL LAZARO GARCIA-HERNANDEZ, | : | Civil No. 1:23-CV-0683 |
| Plaintiff, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is the United States' motion to dismiss the amended complaint or, in the alternative, for summary judgment. (Doc. 18.) While this motion was pending, Gabriel Lazaro Garcia-Hernandez ("Plaintiff") submitted: a document the court construes as a supplemental complaint; a motion to compel requesting the court allow him to restart his administrative remedies process; a motion to dismiss his complaint; and a motion to amend civil suit. (Docs. 27, 28, 29, 34.) The court will grant the United States' motion and dismiss the complaint for lack of subject matter jurisdiction. The court will also deny Plaintiff's pending motions as moot.

## PROCEDURAL HISTORY

Plaintiff, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, ("USP Lewisburg"), initiated this action by filing a complaint in the United States District Court for the Southern District of New York in October of

1

2022, asserting claims of negligence against the Federal Bureau of Prisons. (Doc. 2.) That Court ordered Plaintiff to amend his complaint or his complaint would be dismissed. (Doc. 5.) On March 20, 2023, the Southern District of New York received and docketed an amended complaint. (Doc. 6.)

In the amended complaint, Plaintiff brings negligence claims against the United States under the Federal Tort Claims Act ("FTCA"). (Doc. 6.) Plaintiff alleges that in November of 2020, he slipped and fell on a sidewalk. (*Id.*, p. 4.)[1] Plaintiff alleges he was then transferred to a Federal Correctional Institution in Otisville, New York ("FCI Otisville") in December of 2020 and placed in a cell on the fourth floor, which Plaintiff states was in violation of the medical pass he received to be housed on the first floor following his fall in November. (*Id.*) Plaintiff alleges that he then fell on the stairs at FCI Otisville. (*Id.*) Following the fall, Plaintiff was taken to cell 106 and provided medical care for his fall. (*Id.*) He alleges he was in a wheelchair for three months and still requires the use of a walker as of the date of the amended complaint. (*Id.*, p. 5.) Plaintiff alleges that he has not received any additional medical treatment since October 27, 2022 despite requests for additional pain relief and surgery. (*Id.*, p. 7.) As relief, Plaintiff is seeking to have surgery as soon as possible and monetary compensation

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

for pain and suffering.  (*Id*., p. 5.)  Attached to the amended complaint are medical records and a grievance filed at USP Lewisburg.  (*Id*., pp. 8–35.)

On April 11, 2023, the Southern District of New York transferred the case to this court after finding that "the amended complaint primarily concerns his ongoing need for treatment and indicates that he only exhausted his claims regarding the alleged lack of treatment at Lewisburg; the amended complaint does not show exhaustion of his claims at Ray Brook or Otisville."  (Doc. 7.)

The case was then transferred to this court.  (Doc. 8.)  The United States was served, and the summons was returned on May 8, 2023.  (Docs. 10, 11, 12.)  The United States filed a motion to dismiss or, in the alternative, for summary judgment on August 4, 2023.  (Doc. 18.)  The United States seeks dismissal based on a lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative tort claim before the Bureau of Prisons ("BOP").  (Doc. 22, pp. 36–41.)  The United States also seeks dismissal for a lack of a certificate of merit regarding the underlying negligence claims.  (*Id*., pp. 43–53.)

In response, Plaintiff filed a statement of material facts, a motion to compel, and a motion to dismiss the complaint.  (Docs. 26, 27, 26.)  In the statement of material facts, Plaintiff summarizes medical records from June 2022 forward, but does not attach any records.  (Doc. 26.)  In the motion to compel, Plaintiff asks the court to order the BOP to allow him to start his administrative remedies process

over again. (Doc. 27.) He attached a document titled "Claim for Damage, Injury or Death Factual Background" stating "[h]e claims he fell descending the stairs from the fourth floor and has received in adequate medical treatment for his injuries from the medical staff at FCI Otisville. Lastly, he claim[s] that following his transfer to UPS Lewisburg he received and continues to receive negligent medical treatment." (Doc. 27-1.) Plaintiff's motion to dismiss his complaint alleges that he is increasing his claim for damages, that this court lacks subject matter jurisdiction, that he has started the administrative tort claim process, and that he is seeking to keep this case open until he exhausts his administrative remedies. (Doc. 28.)

Subsequently, Plaintiff filed a supplemental complaint bringing a *Bivens* action against individual staff members at FCI Otisville and USP Lewisburg. (Doc. 29.)

Plaintiff also filed a brief in opposition to the United States' motion to dismiss, arguing that the court should grant summary judgment in his favor on the FTCA claim. (Doc. 31.) However, Plaintiff admits that he failed to properly exhaust his administrative remedies and that the United States is entitled to dismissal of the lawsuit. (*Id.*, p. 5.) He then presents an argument on the merits of the claim asserting that no certificate of merit is required under the recent decision in *Wilson v. United States*, 79 F.4th 312 (3d Cir. 2023). (*Id.*, pp. 5–8.) Plaintiff

concludes his argument by seeking the appointment of counsel and seeking expert testimony in the case.  (*Id.*, pp. 8–9.)

Defendants filed a reply addressing the recent Third Circuit decision in *Wilson*.  (Doc. 33.)

## VENUE

Venue is proper in this district under 28 U.S.C. § 1402(b) because at the time of filing, Plaintiff resided in Lewisburg, Pennsylvania.  (Doc. 2.)  Lewisburg is located in Union County, which is located within this district.  *See* 28 U.S.C. § 118(b).

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead

to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193

(3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245. A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

The United States has filed a motion to dismiss arguing the court lacks subject matter jurisdiction under the FTCA because Plaintiff failed to exhaust his administrative remedies before filing the instant action. The court will address this argument first because it is dispositive.

### A. Plaintiff's Amended Complaint Will Be Dismissed for Failing to Exhaust His Administrative Remedies.

The FTCA constitutes "a limited waiver of the United States's sovereign immunity." *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). The FTCA provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the

Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674.

"The FTCA contains a jurisdictional exhaustion component." *Rosario v. American Export–Isbrandtsen Lines, Inc.,* 531 F.2d 1227, 1231 (3d Cir. 1976). Specifically, federal courts cannot assume jurisdiction over FTCA claims until: (1) the plaintiff has initially presented the claim to the appropriate federal agency within two years of the date the claim accrues; and (2) the agency has either denied the claim or failed to make a final disposition within six months of the plaintiff's presentation of the claim. 28 U.S.C. § 2675(a).

The United States, relying on *McNeil v. United States*, 508 U.S. 106, 111–12 (1993), argues that the FTCA claim should be dismissed because Plaintiff failed to exhaust his administrative claim prior to filing the present action. (Doc. 22.) In *McNeil* the Supreme Court held that a district court does not have jurisdiction over an FTCA claim which was prematurely filed and such claims must be dismissed. 508 U.S. at 111–12. The FTCA provides that "[a]n action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). There is a presumptive denial if the agency fails to make a final disposition within six months after the administrative tort claim is filed. *Id.*

In support of its motion, the United States attached a Standard Form 95 submitting Plaintiff's tort claim to FCI Otisville along with the medical records he submitted with the form. (Doc. 21-2, pp. 9–32.) The form was stamped as received by the BOP on September 30, 2022. (*Id.*, p. 9.) Plaintiff filed the instant action in October of 2022. (Doc. 2.) Therefore, he did not have an answer from the BOP or wait the required six months after the administrative tort claim was filed.

Typically, the court would turn to an analysis under Federal Rule of Civil Procedure 12(d) and *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2018) to address whether the court could consider evidence from outside the four corners of the complaint for the purpose of ruling on a motion to dismiss in order to determine whether Plaintiff exhausted his administrative tort claim before the BOP prior to filing the instant action. However, Plaintiff concedes that he failed to exhaust his administrative remedies before the appropriate federal agency: "Garcia-Hernandez failed to properly exhaust [his] claims by receiving a denial prior to filing suit," and "this Court lacks subject matter jurisdiction over Garcia-Hernandez's demand that the United States be required to provide him back surgery. Claims under the FTCA are for money damages against the United States." (Doc. 31, p. 5; Doc. 28, p. 1.) Therefore, there is no need for the court to continue its analysis. Plaintiff has conceded a lack of subject matter jurisdiction under the FTCA based on failure

9

to exhaust, and, in accord with *McNeil*, the court will dismiss the FTCA claim as premature. Plaintiff is free to renew his FTCA claim in a separate action following proper exhaustion of the administrative tort claim process.

### B. Plaintiff's Supplemental Complaint Will Be Stricken.

The supplemental complaint filed in October of 2023 attempts to bring a *Bivens* action against five BOP staff: (1) Nurse Practitioner Kevin Smith at FCI Otisville; (2) Dr. Alphonso Linley from FCI Otisville; (3) EMT Kabonick from FCI Otisville; (4) J. Sage, the Warden at USP Lewisburg; and (5) Dr. Andrew Edlinger at USP Lewisburg. (Doc. 29.)

Federal Rule of Civil Procedure 15(d) allows the filing of supplemental pleadings:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). Leave of the court is always required for a party to supplement his pleading. *See Cook v. Condo*, No. 1:21-CV-361, 2021 WL 5579706, at *3 n.2 (M.D. Pa. Nov. 30, 2021) (citing *Mallinckrodt Inc. v. E-Z EM Inc.*, No. 09-228, 671 F. Supp. 2d 563, 569 (D. Del. 2009)).

Plaintiff failed to request leave of the court prior to filing the supplemental pleading.  The court acknowledges that Plaintiff later filed a motion to amend civil suit claim in November of 2023, but the document only contains two photos.  (Doc. 34.)  Therefore, this filing is not requesting leave of the court to supplement the amended complaint, and will be denied as it makes no request of the court.  The court will also strike the supplemental complaint in accord with Fed. R. Civ. P. 12(f)(1).

### C. Plaintiff's Remaining Motions Will Be Denied as Moot.

Remaining are Plaintiff's curiously conflicting motions to compel and to dismiss, which present inconsistent requests including that the case be dismissed and that the court allow the case to proceed while he pursues exhausting his administrative tort claim against the BOP.  (Docs. 27, 28.)  Considering Plaintiff's complaint will be dismissed, these motions will be denied as moot.

## CONCLUSION

For the foregoing reasons, the motion to dismiss filed by the United States will be granted. The complaint will be dismissed without prejudice to Plaintiff bringing an FTCA claim following a proper exhaustion of his federal tort claim before the BOP. Plaintiff's supplemental complaint will be stricken from the record, and his motion to amend civil suit claim will be denied as it makes no request of the court. Plaintiff's motions to compel and to dismiss will also be denied as moot. The court will direct the Clerk of Court to close the case.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: February 27, 2024